# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUINN AARON KLEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1182-HE |
| | ) | |
| SUZIE SALINAS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff Quinn Aaron Klein's initiating pleading (Complaint, Doc. No. 1) and his Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 6). Mr. Klein is a state prisoner proceeding pro se. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 6) be DENIED in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $400.00 filing fee before being allowed to proceed in this action.

### Plaintiff's Claims and Relief Sought

Mr. Klein alleges that Defendants, who appear to be prison employees, have endangered him by telling other inmates that he is a "snitch" and that he has HIV. Compl., Doc. No. 1, at 1. Mr. Klein contends that these actions violated his protections under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and his right to be free from cruel and unusual

punishment under the Eighth Amendment of the United States Constitution. Mr. Klein further complains that an action he filed in Alfalfa County, Oklahoma District Court – against the same defendants and alleging the same basic facts as in this case – was dismissed for nonpayment of fees pursuant to that state's three-strikes limitation as set forth in Okla. Stat. tit. 57, § 566.2(A). Compl. at 2; Pl.'s Mot. to Proceed *In Forma Pauperis* Ex. 1, Doc. No. 6 (providing copy of petition and other documents filed in Alfalfa County). Mr. Klein further complains that the Supreme Court of Oklahoma dismissed his appeal of the Alfalfa County decision, likewise for nonpayment of fees in view of Okla. Stat. tit. 57, § 566.2(A). Compl. at 2.[1] Mr. Klein requests that the Oklahoma Supreme Court's decision be reversed and the Alfalfa County action be remanded for further proceedings. *Id.* Mr. Klein alleges that an Assistant Attorney General for the State of Oklahoma falsified various documents in the Alfalfa County action. *Id.*

Although Mr. Klein's initial filing is entitled "Petition in ERROR Petition for HABEAS CORPUS," Mr. Klein does not challenge either the legality of the execution of his sentence under 28 U.S.C. § 2241 or the legality of his conviction under 28 U.S.C. § 2254. Mr. Klein's case is, if anything, a civil action against prison employees pursuant to

---

[1] Mr. Klein attached to his initial filing an October 14, 2013 Order of the Oklahoma Supreme Court, wherein that court states that Mr. Klein's appeal was "dismissed pursuant to 57 O.S. § 566.2 because appellant appears on the Registry of Frivolous or Malicious Appeals six times." Compl. at 3.

42 U.S.C. § 1983, alleging violations of his federal rights.[2] The undersigned construes this action as one pursuant to § 1983 and not a petition for habeas relief pursuant to either § 2241 or § 2254.[3]

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

Having construed Mr. Klein's complaint as an action pursuant to 42 U.S.C. § 1983, Mr. Klein's Motion for Leave to Proceed *In Forma Pauperis* is subject to a "three strikes" limitation:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

---

[2] On November 12, 2013, Mr. Klein filed a separate action in this Court pursuant to 42 U.S.C. § 1983 involving similar factual allegations. *See* Complaint, *Klein v. Gwinn*, No. CIV-13-1207-HE (W.D. Okla. Nov. 12, 2013), Doc. No. 1.

[3] If this action were construed as a petition for writ of habeas corpus, it would be subject to immediate dismissal. Among other things, federal habeas review is barred if a state court rejected a claim on the basis of noncompliance with an independent and adequate state procedural rule:
> A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits.

*Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (citation omitted) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (internal quotation marks omitted)). Oklahoma's rule denying pauper status to a litigant who has previously had three or more actions dismissed for failure to state a claim is clearly both independent of any federal question and adequate to support the judgment in the Alfalfa County action. *See Kindler*, 558 U.S. at 62 (stating it would be "particularly strange" for a federal court to find inadequate a state procedural rule that – like the rule at issue here – is substantially similar to an enforced federal procedural rule). Thus, Oklahoma's dismissal of the Alfalfa County action and the subsequent appeal are not proper subjects for federal habeas relief.

> United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g). On January 25, 2013, District Judge Joe Heaton found that Mr. Klein had accumulated three strikes. *Klein v. Rios*, No. CIV-12-1292-HE, 2013 WL 309008 (W.D. Okla. Jan. 25, 2013). Thus, Mr. Klein cannot be granted leave to proceed *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."

With regards to whether Mr. Klein faces such imminent danger, Mr. Klein offers the following statements:

> 1) Petitioner is in fear for his life by Defendants[.] They continue to expose Medical Info to Offenders, Continue to Harass Petitioner.
> 2) Petitioner Very Seldom Showers out of extreme fear for his life[.]
> 3) Petitioner is on psych meds for anxiety disorder, Depression due to this action and continual Harassment of Petitioner By Defendants[.]
>
> Petitioner is scared for his life and Should not be held MOOT Just because Petitioner gets Transferred.

Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 6, at 1-2. In his Complaint, as previously noted, Mr. Klein contends that Defendants have endangered him by telling other inmates that he is a "snitch" and that he has HIV. Compl. at 1.

The undersigned has reviewed Mr. Klein's Complaint, his motion for leave to proceed *in forma pauperis*, and his other filings to date. Mr. Klein has not provided adequate factual detail to support his conclusory assertion that his safety is in jeopardy and indeed has recently made a statement contradicting his assertion of being in danger.

4

*See* Complaint Ex. 13, *Klein v. Gwinn*, No. CIV-13-1207-HE (W.D. Okla. Nov. 12, 2013), Doc. No. 1-3, at 5 (wherein Mr. Klein states in a grievance form, "I waive protection and do not fear my safety from offenders nor staff at JCCC.").[4] The undersigned finds that Mr. Klein has not established that he is "under imminent danger of serious physical injury," as would be required to avoid the three-strikes limitation set forth in 28 U.S.C. § 1915(g).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 3) be DENIED,[5] and that this action be DISMISSED without prejudice unless Plaintiff pays the $400.00 filing fee within 21 days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

## RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 6, 2013, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Mr. Klein is

---

[4] "[A] court may . . . take judicial notice, whether requested or not[,] of its own records and files, and facts which are part of its public records." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Co.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citation omitted); *see also* Fed. R. Evid. 201.

[5] The Court notes that Mr. Klein's Motion for Leave to Proceed *In Forma Pauperis*, titled "Emergency," was not filed on the proper form and does not contain the information required by that form. *See* LCvR 3.3. In light of the recommendation that Mr. Klein's Motion be denied in accordance with 28 U.S.C. § 1915(g), it is neither necessary nor beneficial to have him resubmit the application.

further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 15th day of November, 2013.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE